UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT BURNHAM ) | 1:25-mj-03252-JDH |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

Now comes the defendant, Robert Burnham, by and through counsel, and respectfully requests that this Honorable Court deny the Government's Motion for Detention and hereby requests that he be released under the following conditions:

1. Defendant shall reside with his mother at her address in Gloucester, MA (mother's name, address, and contact information previously provided to probation).

2. Defendant shall be subjected to Home Detention except for medical appointments including counseling appointments, court appearances, legal appointments, or other activities approved by the court or U.S. Probation and Pretrial Services.

3. Defendant shall submit to location monitoring technology and comply with its requirements as directed by U.S. Probation and Pretrial Services.

4. Defendant shall continue with counseling at New England Forensic Associates and sign any releases requested by U.S. Probation and Pretrial Services.

5. Defendant shall not have direct or indirect contact with anyone under the age of 18 excluding his own children. Defendant shall be permitted only supervised contact with his daughter and stepson (who are both under age 18) and also comply with any and all potential orders from DCF in this matter.

6. Defendant shall not frequent or loiter in any place where children under the age of 18 are likely to congregate, including schools, parks, playgrounds, libraries, fast food restaurants, etc..

7. Defendant shall not access the internet unless authorized by U.S. Probation and Pretrial Services. Defendant shall not possess any computer or other device capable of connecting to the internet including any tablet, cell phone, or gaming console unless authorized by U.S. Probation and Pretrial Services. All computers and other devices capable of accessing the internet in the residence must be password protected and the Defendant shall not have access to said password. Defendant's mother's smart phone and iPad (and should she come into possession of any other electronic device capable of accessing the internet) must be removed from the residence when she is not home.

8. Defendant shall not obtain a passport.

9. Defendant shall have no contact directly or indirectly with any person who is or may be a victim in this case.

10. Defendant shall not possess a firearm, destructive device, or other weapon.

11. Defendant shall not consume alcohol or any unlawful substance. Defendant shall take all prescribed medications.

In support thereof, the Defendant states he has resided at the same home in Gloucester, Massachusetts since he was approximately seven years old. In approximately 2011, he began making the mortgage payments on the home while his father remains on the deed. Thereafter, the Defendant married his wife in 2020. The Defendant his wife, their daughter, and his stepson all currently live at that same residence. Given the nature of the charge, the Defendant's release plan, however, would be to his mother's residence in the same city. The Defendant has remained

gainfully employed with the same employer since 2006. While he recently went out on administrative leave and then disability following the investigation in this case, he had previously worked 40 hours per week in quality systems related to data collection. The defendant has significant ties to the community and family support. Shortly after execution of the search warrant, he began counseling at New England Forensic Associates and retained counsel evidencing his intent to appear in court; he does not pose a flight risk. The defendant has continued counseling with New England Forensics and it is his hope that he be allowed to continue this therapy pending the outcome of the case.  In addition, this provider could be of great assistance to the Court and the US Attorney's office should the case result in a plea.  The providers' input would also be both necessary and extremely  valuable in any discussions on a final plea with the US Attorney's Office.  Finally, should the defendant be looking at a lengthy incarceration he would have the ability to assist his elderly mother and young wife and family with wrapping up personal affairs, so they do not have that burden.  The defendant believes the proposed residence is an appropriate place for him to reside while this case is pending and in conjunction with the terms of release proposed herein that he has overcome the presumption of detention that exists pursuant to 18 U.S.C. § 3142.

    WHEREFORE, the defendant requests that this Honorable Court deny the Government's Motion for Detention and release him on the proposed conditions and any other conditions this Honorable Court deems appropriate. The proposed conditions of release are suitable to ensure the appearance of the defendant and the safety of the community.

                                        Respectfully Submitted,
                                        Robert Burnham,
                                        By His Attorney,

/s/ Richard J. Sweeney
Richard J. Sweeney
Sweeney & Associates LLC
225 West Squantum Street
Suite 100
Quincy, MA 02171
(617) 328-6900
BBO# 647615
RSweeney@RSweeneylaw.com

Dated: September 5, 2025

CERTIFICATE OF SERVICE

    I, Richard J. Sweeney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF). I have also served it by electronic mail upon:

U.S. Probation Office
John Joseph Moakley Courthouse
1 Courthouse Way
Suite No. 1-200
Boston, MA 02210
Attn: Probation Officer Patrick Skehill

/s/ Richard J. Sweeney
Richard J. Sweeney

Dated: September 5, 2025